```
garth gary john, living man
denise nordia edwards-john, living woman
On the county at Large, queens
C/o 109-52 174th Street
Jamaica, Queens, nation New York
Zip exempt: Near [11433]-9998
```

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| garth gary john, living man;<br>denise nordia edwards-john,<br>living woman,<br>    Petitioners,<br><br>    vs.<br><br>Central Loan Administration &<br>Reporting (Cenlar) et al;<br>CITIMORTGAGE INC.;<br>110/174holding LLC; FNC<br>Insurance Agency,<br>    Respondents,<br>_____<br>garth john, living man,<br>denise john, living woman,<br>Real Party(ies) In Interest._____ | ) Case No.: _____<br>)<br>)<br>) **Petition to Confirm**<br>) **Arbitration Award**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |



## PETITION FOR JUDICIAL CONFIRMATION OF ARBITRATION AWARD

Petitioners appear specially without waiving any rights,
remedies, or defenses statutory or procedural by and through
garth john, living man and denise john, living woman, Real
Party(ies) in Interest (RPII), who appear before this honorable
court for judicial confirmation of an arbitration award.

As grounds for Judicial Confirmation of Arbitration Award,

**2019-MAY-13-GGJ-DJ-3rd-party-beneficiary-mortgage-soil/land-**

[(G John) Petition to Confirm Arbitration Award 210128], Page 1 of 9

claim-3322-NYGGJDJ2166STRBCM-002100-01XTC124©, petitioners state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists among The Parties.

2. This Court has jurisdiction pursuant to Article III, Section 2, Diversity between independent (e)states exists.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(a)(2) and the Federal Arbitration Act (FAA), 9 U.S.C. § 9.

## PARTIES

4. **Petitioners** are a living man and woman on the Land of queens county appearing in pure equity.

Petitioner receives mail matter at that address listed on page one, upper left hand corner.

5. **Respondents** are;

Central Loan Administration & Reporting, (Cenlar) et.al.,
Assigns and successors,
4400 ALPHA ROAD
DALLAS, TEXAS 75244

CITI MORTGAGE INC.
1000 Technology Drive
Fallon MO 63368-2240

110/174 Holding LLC.,
80-30 164th Street
Hillcrest Estates, New York 11432

[(G John) Petition to Confirm Arbitration Award 210128], Page 2 of 9

FNC INSURANCE AGENCY
P.O. BOX 10008, MIC 0003
Hagerstown MD 21747-0008

## SUBSTANTIVE CLAIM

6. RPII began this action in or about May 2019 seeking to resolve the issues between The Parties via private arbitration, see Exhibits 1 through 12 as well as 14. Respondents ignored and remonstrated and remain nihil dicit.

7. RPII sued in arbitration in accord with the premises of **Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. ___,** 139 S. Ct. 524 (2019).

8. An arbitration Award was issued, see **Exhibit 13.**

9. The above paragraphs are the substance. What follows is the procedural due process in arbitration.

## ARBITRATION SERVICE OF PROCESS

10. Respondents were served by Petitioners/RPII via hardcopy USPS mail. See Affidavit in Support of Petition to Confirm Arbitration Award and List of Exhibits in Support of Petition to Confirm Arbitration Award. See Exhibits 1 through 12 as well as 14.

11. Private arbitration was performed via the confines of the Federal Arbitration Act found at Title 9 U.S.C. (see **Exhibits 1 through 12 as well as 14**, proof of service of process). Said arbitration process was performed in or about the

months of March through September 2019.

12. After the arbitration process was completed an arbitration hearing was held by and through Thomas Bradford Schaults of Arizona, Arbitrator, (see **Exhibit 13**, Arbitration Award).

13. On or about March 23rd, 2020, an arbitration hearing was held before the arbitrator by the arbitrator. As per custom and practice of respondents, respondents did not appear and remained nihil dicit.

14. An arbitration award was assigned in favor of petitioner (see **Exhibit 13**, Arbitration Award).

15. The arbitrator's award was made in accordance with the terms and provisions of the parties' written agreement and is in all respects proper. No application has been made to correct vacate or modify the arbitrator's award.

16. The parties have agreed, or the law so provides, that a judgment may be entered upon the award made pursuant to the arbitration agreement.

17. This application is based upon the Arbitration Agreement (see **Exhibit 13**).

## RES JUDICATA

18. Collateral estoppel is a subset of the doctrine of res judicata, which precludes parties from relitigating an issue

that has already been determined by a court. In this case at bar the only issue for determination is whether service of process was performed as the substantive issues were already adjudicated in the arbitration award process. Pursuant to the United States Supreme Court ruling in **Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. ___, 139** S. Ct. 524 (2019), the Federal Arbitration Act operates under the premise that "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." And, "…a court may not override the contract, even if the court thinks that the arbitrability claim is wholly groundless." Schein, supra; AT&T Technologies, Inc. v. Communications Workers, **475 U.S. 643**, 649-650 (1986). "When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." Schein, supra. The U.S. Constitution states that "No state…shall impair the obligation of contract."

19. It has been in excess of 90 days since Respondents were served the Arbitration Award without objection.

20. The Federal Arbitration Act (9 U.S. Code § 10) further provides that the ONLY grounds for vacation of an arbitral award by any court are limited to four grounds. The four grounds are "(1) where the award was procured by corruption, fraud or undue

means; (2) where there was evident partiality or corruption in the arbitrators; (3) "where the arbitrators were guilty of misconduct in refusing to postpone the hearing . . . or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. On July 7, 2008, the U.S. District Court for the Southern District of New York became one of the first courts to apply the United States Supreme Court's recent decision in Hall Street Associates, LLC v. Mattel, Inc., 128 S. Ct. 1396 (2008) to the judicial vacatur of arbitration awards. In the Hall Street Associates, LLC v. Mattel, Inc. case, Hall Street also argued that an agreement to permit review of an arbitration award for legal error should be enforceable "because arbitration is a creature of contract, and the FAA is 'motivated, first and foremost, by a congressional desire to enforce agreements into which parties ha[ve] entered.'"   Id. (citations omitted).   The Supreme Court rejected this argument as well, finding that the "FAA has textual features at odds with enforcing a contract to expand judicial review following the arbitration."   Id.   The Supreme Court explained that under

[(G John) Petition to Confirm Arbitration Award 210128], Page 6 of 9

section 9 of the FAA, [o]n application for an order confirming the arbitration award, the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." There is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies. Id. at 1405. Therefore, the Court held, "§§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification." Id. at 1403.

21. Pursuant to the case of First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938 (1995), the only way opposition could have the arbitration award vacated is three exceptions. Those exceptions are via opposition's proof of 1) Fraud, 2) obvious miscalculation, or 3) arbitrator stepped out of their bounds. There has been open and notorious full disclosure from the beginning by this claimant, i.e. no misrepresentation and no fraud. It would appear that there is no standing for a claim of "obvious miscalculation." A claim for "arbitrator stepped out of their bounds" would not be possible as the arbitrator (Thomas Bradford Schaults is also well known by the USDOJ as a Private Attorney General). Opposition had more than one opportunity to appear before and object. Opposition failed to appear, nihil dicit.

22. Therein, and therefore, it appears that Judge has no discretion outside of reviewing service of process pursuant to Schein, supra, and Eternity, supra, The Parties agree herein that; collateral estoppel operates between The Parties against Respondents and that The Parties and this court agree that after 20 days (unless sooner ruled upon by this court), the facts in this case shall be deemed and construed as true and correct as to service of process and that the Arbitration Award shall be Judicially Confirmed by operation of law and collectible in commerce at Petitioner's discretion. Petitioner, by and through said RPII, intends to utilize the Writ of Possession for collections.

23. The arbitration process constitutes a contract between Petitioner (Petitioners/RPII) and Respondents. This contract operates whereby Respondents agree and contract that if and when they fail to respond, object, or rebut with particularity that they were not served process on Arbitration agreement **2019-MAY-13-GGJ-DJ-3rd-party-beneficiary-mortgage-soil/land-claim-3322-NYGGJDJ2166STRBCM-002100-01XTC124©**, then they agree to confirmation of the arbitration award and its terms and conditions.

\
\
\

[(G John) Petition to Confirm Arbitration Award 210128], Page 8 of 9

## RELIEF REQUESTED OF THIS COURT

**WHEREFORE**, Petitioner prays for the following relief:

(a)   An Order confirming the Arbitration Award;

(b)   Entry of a judgment or decree by the clerk which may be enforced as any other judgment or decree;

(c)   Costs of this petition and of all subsequent proceedings and disbursements;

(d)   Costs, attorney's fees, and interest thereupon, as provided by law; and

(e)   Such other relief as the Court deems equitable.

      Respectfully submitted this 3rd day of March 2020.


_____

garth john, living man


_____

denise john, living woman