UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GARTH GARY JOHN, DENISE N.
EDWARDS-JOHN,

          Plaintiffs,

          v.

CENTRAL LOAN ADMINISTRATION &
REPORTING (CENLAR); CITIMORTGAGE
INC.; 110/174 HOLDING LLC; FNC INSURANCE
AGENCY,
          Defendants.
------------------------------------------------------------------X

**DECISION & ORDER**
21-CV-1411 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge:** On March 11, 2021, Garth Gary John and Denise N. Edwards-John ("Plaintiffs"), proceeding pro se, filed a "Petition to Confirm Arbitration Award" (hereafter "Complaint"), ECF No.1. Plaintiffs assert that an arbitration award of $1,434,000.00 has been entered against Defendants, which Plaintiffs now seek to enforce under the Federal Arbitration Act ("FAA"). Plaintiffs paid the filing fee to commence this action. For the following reasons, the complaint is hereby DISMISSED.

## BACKGROUND

Attached to the Complaint are Plaintiffs' memorandum of law, affidavit, and numerous exhibits related to a purported arbitration award in their favor against Defendants CitiMortgage, FNC INS Agency, CENLAR and 110/174 Holding LLC (collectively, "Defendants"), on March 23, 2020. ECF Nos. 1-1, 1-2, 1-3.[1] Although the voluminous submission is extremely difficult to follow, the attachments indicate Defendants may be parties to a mortgage foreclosure on Plaintiffs' property in Queens, New York. Neither the address of the property, the status of the foreclosure, nor Defendants' roles are provided in the Complaint or its attachments. Instead, Plaintiffs provide a rough outline of steps that they unilaterally took, and to which Defendants

---

[1] For ease of reference, citations to Court documents utilize ECF pagination.

did not respond, that resulted in the purported arbitration award.

As the first step, in May 2019, Plaintiffs mailed to each of the Defendants a "Show Cause Proof of Claim Demand Contract Number 01XTC124" a largely incomprehensible twenty-six-page document, subtitled "binding self-executing irrevocable contractual agreement," asserting myriad "proof of claim," and seeking a response to their demands. ECF No. 1-2 at 7–32, 112. One month later, Plaintiffs mailed a "Legal Notification Contract Number 01XTC124" and "Self-executing Irrevocable Durable Power of Attorney Coupled with Interest" to each of the Defendants. *Id.* at 34–68, 112. Then, a "Notice of Default" dated August 28, 2019 was sent to each Defendant. *Id.* at 74–76, 112. In the "Notice of Default" Plaintiffs state that they have not received a response from Defendants, that they are therefore in default and by their "silence" "definitive non-response" and "tacit procreation" they have "agreed and stipulated to all of the terms and conditions of the contract" including "binding arbitration by a third[-]party tribunal." *Id.* at 75.

The attached arbitration award, Exhibit 13, purports to have been issued by a company called Universal International Arbitration Association and is signed by an arbitrator named Thomas Bradford Schaults. ECF No. 1-2 at 86–105. It states that an arbitration hearing was held on March 23, 2020, which the Defendants did not attend. *Id.* The document consists primarily of meaningless legalese and references various "self-executing" documents mailed to Defendants and, based on their failure to respond or to appear at the virtual hearing, entitles Plaintiffs to the "release of all claims" Defendants may have against Plaintiffs and the payment of $1,434,000.00. Plaintiffs mailed the arbitration award in December 2020 (to CitiMortgage) and July 2020 (to the other three defendants). *Id.* at 112.

2

## **LEGAL STANDARD**

In reviewing Plaintiffs' complaint, the Court is mindful that the submissions of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Notwithstanding the liberal pleading standard afforded to *pro se* litigants, plaintiffs must establish that the court has subject matter jurisdiction over the action. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999) (Spatt, J.) (dismissing pro se complaint for lack of subject matter jurisdiction). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3).

Moreover, even if a plaintiff has paid the filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory" — that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the

complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998).

## DISCUSSION

Plaintiffs ask the Court to confirm an arbitration award of $1,434,000.00 entered in their favor and against Defendants. However, the face of the Complaint itself, which incorporates the attached exhibits referenced therein, makes clear that the purported award is bogus because there was never an agreement to arbitrate. This action is therefore frivolous.

### A. Subject Matter Jurisdiction

The Complaint asserts jurisdiction under the FAA, which permits a court to confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9. To obtain confirmation of an award, the FAA requires the moving party to file (1) the agreement, (2) the award, and (3) each notice, affidavit, or other paper used to confirm, modify or correct the award. 9 U.S.C. § 21. Although judicial review of arbitration awards is limited, the threshold question of whether there even exists an agreement to arbitrate is properly one for the courts to decide. *Doctor's Assocs., Inc. v. Alemayehu*, 934 F.3d 245, 251 (2d Cir. 2019).

Here, Plaintiffs have failed to present any "agreement" that would trigger FAA protection because Defendants never consented to the terms of the so-called Proof of Claim Contract No 01XTC124 ("Proof of Claim"). Plaintiffs contend that Defendants had a duty to reply to these letters and that the failure to reply constitutes acquiescence in Plaintiffs' terms. In effect, Plaintiffs have submitted to the Court what they consider to be a self-executing unilateral arbitration agreement. The documents Plaintiffs sent to Defendants do not constitute binding contracts because there is no indication that Defendants agreed to Plaintiffs' terms.

It is a fundamental principle of contract law that silence does not constitute acceptance of

a contract. Restatement (Second) of Contracts § 69. And Plaintiffs' own statement that they would interpret a non-response as consent is legally irrelevant. *Id.* Comment c. ("The mere fact that an offeror states that silence will constitute acceptance does not deprive the offeree of his privilege to remain silent without accepting."); 17 Am.Jur.2d Contracts, § 47 ("It is a general rule of law that silence and inaction, or mere silence or failure to reject an offer when it is made, do not constitute an acceptance of the offer."). In New York, unsigned writings prepared by a plaintiff, without more, do not suffice to bind a defendant. *Karlin v. Avis*, 457 F.2d 57, 62 (2d Cir. 1972) (citing *Solin Lee Chu v. Ling Sun Chu*, 193 N.Y.S.2d 859, 860 (1st Dep't 1959)). The collective writings to which Plaintiffs point are insufficient since they rely entirely upon the unexecuted agreements prepared by Plaintiffs themselves.

Thus, there is no federal question jurisdiction under the FAA over this action. *Brett-Andrew: House of Nelson v. Jackson*, 20-CV-069, 2021 WL 409999, at *1 (N.D. Tex. Feb. 5, 2021) (holding plaintiff's complaint dismissed without prejudice for lack of subject-matter jurisdiction and noting that "plaintiff has filed at least three other lawsuits seeking to confirm the same alleged arbitration award against the named defendants, two of which were likewise dismissed for lack of subject-matter jurisdiction").

The Court has considered whether the Complaint may give rise to diversity jurisdiction, 28 U.S.C. § 1332, and finds that it does not. Although the parties appear to be of diverse citizenship, there is no indication that plaintiffs are entitled to recover any amount of damages, much less the six-figure arbitration award.

### B. Action Dismissed as Frivolous

Moreover, even if there were subject matter jurisdiction, the action is frivolous. It is based on the indisputably meritless legal theory that an individual can fabricate an arbitration

5

award and then enforce it in federal district court.  There has been a spate of similar filings in federal district courts over the past two years; none have allowed the sham arbitration award to be enforced.  *See, e.g., Jorge-Alberto Vargas-Rios*, 19-CV-01592, 2021 WL 963971, at *3 (E.D. Cal. Mar. 15, 2021); *Elfar v. Wilmington Tr., N.A.*, 20-MC-0273, 2020 WL 7074609, at *1 (E.D. Cal. Dec. 3, 2020) (action to enforce an 8-million-dollar arbitration award under the Federal Arbitration Act dismissed as frivolous); *In Re the Matter of: Arbitration Award of Robert Presley of HMP Arbitration Svcs. v. Bayview Loan Svcs,* 2019 WL 10817149 at * 2 (D. Utah Nov. 13, 2019) *aff'd sub nom*. *Wicker v. Bayview Loan Servs., LLC*, 19-CV-4169, 2021 WL 270974, at *1 (10th Cir. Jan. 27, 2021) (denying motion to confirm arbitration against lender and loan servicer based on tacit approval theory, calling the purported arbitration award an "obvious sham," and dismissing the action sua sponte, with prejudice); *Graves v. Select Portfolio Servicing, Inc.,* 20-CV-00458, 2020 WL 7365662, at *4 (D. Utah Nov. 9, 2020) (finding "HMP" is a "sham arbitrator," citing cases, and recommending dismissal of action to confirm arbitration award be dismissed with prejudice), report and recommendation adopted, 20-CV-00458, 2020 WL 7352736 (D. Utah Dec. 15, 2020); *Prince v. TD Bank N.A*, 20-CV-0660, 2020 WL 8991788, at *1 (S.D.N.Y. Mar. 23, 2020) (McMahon, C.J.) (denying Plaintiff's motion to confirm an arbitration award after opportunity to show cause because the Court lacks subject-matter jurisdiction to consider it, the defendants did not agree to arbitrate, and because the motion is frivolous).  Like these cases, Plaintiffs' purported arbitration award is bogus because there was never an agreement to arbitrate, and this action is therefore frivolous.

## **CONCLUSION**

For the foregoing reasons, the case is dismissed, without prejudice, for lack of subject matter jurisdiction and because it is frivolous.

Although Plaintiffs paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment in favor of Defendants, mail a copy of this Order and the judgment to Plaintiffs, note the mailing on the docket, and close the case.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 13, 2021
       Brooklyn, New York